IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SOMERSET APARTMENTS, LTD., | ) | |
| | ) | CASE NO. BK04-84197 |
| Debtor(s). | ) | A06-8028 |
| SOMERSET APARTMENTS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| WEITZ COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the defendant's motion for summary judgment (Fil. #11). No resistance was filed.. Howard Duncan represents the debtor, and Joseph Badami represents Weitz Company. The motion was taken under advisement as submitted without oral arguments.

The debtor, owner of an apartment complex in Lincoln, Nebraska, filed this adversary proceeding against Weitz Company, which built the apartment complex, alleging breach of the 1993 construction contract and breach of express and implied warranties, based on structural defects which began appearing in 2004.

Weitz Company now moves for summary judgment, asserting that (1) all applicable statutes of limitation on these causes of action have run, and (2) to settle an earlier breach of contract and warranties lawsuit, the parties entered into a settlement agreement and mutual release in 1997 in which Somerset Apartments, Ltd., released all of its claims for contract and warranty breaches under the construction contract, so it should be precluded from pursuing this action now.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v.

Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

      Nebraska has a five-year statute of limitations for actions on written contracts, Neb. Rev. Stat. § 25-205, and a four-year statute of limitations for actions alleging breach of warranty for improvements to real estate. Neb. Rev. Stat. § 25-223. If the defect could not have been discovered during those four years, then the limitations period extends to two years from the date of discovery. Id.

      Weitz states that construction on the apartments was completed and the property turned over to the debtor on January 15, 1995. The complaint was filed on February 7, 2006, well beyond the four- and five-year limitations periods. Moreover, the complaint alleges that the defects were discovered in January 2004, which is more than two years before this adversary proceeding was filed. Finally, § 25-223 contains a statute of repose, barring any action for breach of warranty or defective construction of a real estate improvement "more than ten years beyond the time of the act giving rise to the cause of action." The "act giving rise to the cause of action" has been interpreted to mean completion of the construction and delivery to the owner. Witherspoon v. Sides Constr. Co., 362 N.W.2d 35, 41-42 (Neb. 1985). This lawsuit was filed more than 11 years after Weitz completed construction of the apartments.

      The debtor has not responded to the motion for summary judgment or demonstrated the existence of any factual dispute. Because the causes of action in this adversary proceeding are barred by applicable statutes of limitation, summary judgment will be granted on that basis and the court need not address the settlement agreement and mutual release.

      IT IS ORDERED the defendant's motion for summary judgment (Fil. #12) is granted. Separate judgment will be entered.

      DATED:      July 31, 2006

                                            BY THE COURT:

                                            /s/ Timothy J. Mahoney
                                            Chief Judge

Notice given by the Court to:
    Howard Duncan      *Joseph Badami     U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.